There was evidence tending to show that Abel Buckner and his wife, being enfeebled by age, requested plaintiff to come on his place and take care of himself and wife in their last years; that plaintiff did so.
The character of the work and services were proven in detail.
There was evidence that Buckner and his wife had made a deed to Davis during his lifetime, purporting to be for such services, and that Davis accepted such deed for same, and had the deed recorded after intestate's death, and proposed to hold land under said deed.
Plaintiff was admitted to prove, over the objection of defendant, that the children and heirs at law of Buckner, the intestate, instituted an action in the Superior Court of Macon County, after the death of said Buckner, against Davis and his wife, to set aside the said deed for undue influence, and other reasons; that defendant Duval and his wife, who was one of the children and heirs at law of said intestate, were two of plaintiffs in said suit, and Davis and wife, who was a daughter and also heir at law, were defendants; that before bringing this action, said suit was compromised and judgment entered setting aside said deed. There was also evidence that no compensation for services was allowed for or mentioned in said adjustment and compromise; that after said compromise, the defendant Duval qualified as administrator of the intestate, and is proceeding to administration of the estate.
The plaintiff was permitted to prove, over the objection of the defendant, that there were personal assets of estate to the amount of $500 or more, and that there were no debts of any consequence. (Defendand [Defendant] excepted.) This proof was offered with a view to render competent the declaration of some of the children and heirs and (424) distributees of Buckner that the plaintiff's claim was just. The declaration of the children and heirs was not given in evidence nor considered by the jury. *Page 266 
The defendant contended, and asked the court to charge, that the acceptance of the deed by the plaintiff from Buckner while living, which purported to be in satisfaction of plaintiff's services, would estop plaintiff from making demand by action as a creditor of the estate; (2) that services were not worth so much as claimed; (3) defendant further demanded as a counterclaim a note of plaintiff that defendant held as administrator of Buckner, the note being shown in evidence.
The court charged the jury that the institution of the action and judgment setting aside the deed, and the defect in the will, would revive claim of plaintiff for his services, and he would have a right to recover what the jury should decide they were worth; that the jury could not give more than the amount demanded in the summons, $200, and as much less as they might decide upon (defendant excepts); that the defendant was entitled to a claim against plaintiff to amount of note.
There was a verdict for plaintiff on issues submitted for $200 for services, and for defendant on counterclaim to the amount of note. Defendant moved for new trial:
1. For error in permitting evidence in compromised case above specified.
2. Error in admitting evidence on assets and condition of estate.
3. For error in charge.
Notice waived, and defendant excepts as above.
There was judgment on the verdict for plaintiff for difference of service over counterclaim, and defendant appealed.
We have carefully considered the record in this case, as well as the authorities cited by defendant's counsel, and can find (425) no error in the rulings of his Honor. The admission of the evidence as to the personal assets and as to there being no debts of any consequence, for the purpose of rendering competent the declarations of the heirs, was harmless, as no such declarations were offered or received.
The services were rendered by the plaintiff, and it was competent to show by the compromise decree that they had not been paid for — the deed given in consideration of the same having been set aside. There seems to be no contention on the part of the administrator that there were not sufficient assets to pay the creditors as well as the plaintiff, and we can see no error of which the defendant can justly complain.
NO ERROR.
Cited: S. c., 112 N.C. 834. *Page 267